UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CHARLES N. PAXTON, JR., a/k/a
Chuck,
          *Defendant-Appellant.*

No. 01-4139

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-49)

Submitted: June 12, 2001

Decided: July 3, 2001

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David R. Bungard, ROBINSON & MCELWEE, L.L.P., Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Charles N. Paxton, Jr., pled guilty to robbery involving a controlled substance, 18 U.S.C. §§ 2113(a), 2 (1994), and was sentenced to a term of 108 months imprisonment. Paxton appeals his sentence, arguing that the district court erred in using the estimated street value of the stolen controlled substances to determine the amount of loss under *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(7) (2000). We affirm.

The government and Paxton's attorney stipulated that the estimated street value of the controlled substances stolen by Paxton and his co-defendant from the Alum Creek Pharmacy was more than $10,000. Consequently, the district court determined that a one-level enhancement was required under § 2B3.1(b)(7). Application Note 3 to § 2B3.1 states that the amount of loss is determined according to the commentary to § 2B1.1. Application Note 5 to § 2B1.1 directs that, in determining the amount of loss, controlled substances are "valued at their estimated street value." The district court followed these guidelines in determining that Paxton's robbery of the Alum Creek Pharmacy involved a loss exceeding $10,000.

Paxton argues that the Sentencing Commission's use of the term "should" in Application Note 5 to § 1B1.1 makes valuation of drugs at street value discretionary rather than mandatory. He acknowledges that no cases support his position, which would require the district court to disregard the sentencing guidelines and commentary. As the government notes in its brief, the Supreme Court held in *Stinson v. United States*, 508 U.S. 36, 38 (1993), that commentary interpreting or explaining a guideline is authoritative unless it violates federal law or is inconsistent with or a plainly erroneous reading of the guideline. Paxton has not shown that the application notes at issue here meet that test.

Paxton further contends that the higher street value does not reflect the actual loss or harm to the victim, and that use of the lower retail value would be consistent with the Supreme Court interpreted the restitution requirement of 18 U.S.C.A. § 3663(a) (West 2000) in *Hughey v. United States*, 495 U.S. 411, 420 (1990) (holding that restitution may not be ordered for losses resulting from offenses other than the offense of conviction). *Hughey* is not germane to the argument Paxton is making because it deals with restitution rather than valuation of loss under the sentencing guidelines. We note that, because robbery is not an offense which must be grouped under USSG § 2D1.1(d) when there are multiple counts, Paxton's relevant conduct included only acts that occurred during the offense of conviction—the robbery of the Alum Creek Pharmacy. *See* USSG § 1B1.3(a)(1), (2); USSG § 3D1.2(d).

In sum, we find that the district court did not err in following Application Note 5 to § 2B1.1 and using the estimated street value of the stolen controlled substances to determine the amount of loss.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*